### PUBLIX SUPER MARKETS, Inc., et al v. CITY OF ORLANDO.

Circuit Court, Orange County.

December 6, 1955.

Robert J. Pleus, Pleus, Edwards & Rush, Raymond E. Barnes, Hodges & Barnes, all of Orlando, for Publix Super Markets, Inc. and Sperry & Hutchinson Co.

Roger A. Barker, Orlando, for Wright's Hardware & Sporting Goods.

John G. Baker, Allan G. Grant and David W. Hedrick, all of Orlando, for defendant.

TERRY B. PATTERSON, Circuit Judge.

*Final decree*: This cause came on for final hearing, and the court having heard and considered the evidence and the argument and briefs of counsel, finds—

(a) Plaintiff Sperry & Hutchinson Co. ("Sperry" hereafter) is a New Jersey corporation authorized to do business in the state of Florida and operates a trading stamp business throughout the United States, except in Kansas, and has been operating in Florida since 1953. It first began operating in Orlando on August 2, 1955.

It is the largest, oldest and apparently one of the most reliable companies in the field, some of which are unreliable and irresponsible. It has been the experience in the business that when Sperry begins operation in a community, others may be reasonably expected shortly to follow. The trading stamp system as operated by Sperry is claimed by plaintiffs to be a cooperative system enabling retail merchants to offer their customers a cash discount on cash and short credit purchases when the nature of the business would make direct cash discounts cumbersome or impractical. The system conceived by the founders of the company consists in the use by the merchant of Sperry stamps printed and distributed by Sperry to some 45,000 of its licensed users throughout the country. The cash discount is accomplished by the issuance by the merchant to his customer of stamps at the rate of one stamp for each ten cents of purchases. Stamps are collected and accumulated into books distributed for the purpose and redeemed in nationally advertised merchandise according to a standard redemption catalog issued and circulated by Sperry. The redemption cost in stamps of listed articles is fixed in the catalog but may be, and has been, changed by Sperry as in Sperry's opinion, conditions warrant. Each filled book contains 1200 stamps representing $120 of purchases. Each book is represented to be of a redemption value of $3 in merchandise. Sperry operates over 300 redemption stores throughout the country including several in Florida and one almost ready for opening in Orlando at the commencement of this suit.

Sperry licenses the use of its system by a selection of retail merchants in a community in which it operates, furnishing to such merchants its stamps in blocks of 5,000, its advertising material, customers' stamp books and catalogs. Stamps cost the merchant $15 per 5,000 block, except that some larger users are given a more favorable rate. Sperry assumes the obligation of stamp redemption and the merchant licensee has no liability therefor. Reliability of the system from the customer standpoint rests on the reliability of Sperry. Sperry stamps are uniform and interchangeable throughout the nationwide system, are produced by specialized security printing and have a value because they are redeemable in standard merchandise at any of Sperry's redemption stores anywhere in the country. Nowhere except in Washington and Wisconsin are stamps redeemable only in cash, where they are by law required to be so redeemable and the cash redemption value printed on each stamp.

Sperry has a favorable purchasing advantage in the purchase of the advertised brands of merchandise offered for redemption,

being the largest single purchaser of many such items. It takes such advantage into account in fixing the cost of its system to its licensees and its redemption rates—making the system attractive to customers, and hence to its licensees, and yet producing a profit to itself from the system.

(b) Publix Super Markets, Inc. is a Florida corporation operating a chain of grocery super markets in several cities in Florida, four of which are located in Orlando and one in contiguous Winter Park.

(c) A. J. Wright and E. E. Wright, doing business as Wright's Hardware & Sporting Goods, are independent hardware merchants in Orlando.

(d) Publix and Wright are two of forty-seven licensees of Sperry in Orlando.

(e) There are numerous premium and discount systems operating in Orlando, consisting, among others, of coupons inside and printed on the labels of manufacturers' articles, redeemable by the manufacturer as credit on additional purchases or for prizes offered by the manufacturer, some operated through the agency of the local merchant, some directly by mail. Other systems provide redemption of coupons or trading stamps at redemption stores operating in Orlando wherein coupons and trading stamps' printed on merchandise labels are redeemed by companies operating such systems by contract with the manufacturer of merchandise. Other systems operate competitively in Orlando for retail patronage of the merchants participating—and all are exempt from the ordinances here under attack by reason of the exceptions in the definitions contained in the licensing ordinance, chapter 93 of the Code of the City of Orlando, 1948.

(f) The ordinances here under attack were passed by the Orlando city council on September 7, 1955, on October 5, 1955 they were amended in particulars not critical to the decision in this case.

For a consideration of the facts found from the evidence and argument of counsel on the facts and the law, the court finds that the trading stamp business conducted and participated in by plaintiffs is a legitimate commercial enterprise. Substantial features of the system as operated by plaintiffs are that the local merchant is relieved of the mechanics and the liability of making the cash discount while at the same time securing to himself and his customers the advantage of a discount—and redemption in merchandise rather than cash affords the stamp company a legitimate

means of putting to advantage its favorable purchasing position in acquiring and fixing the redemption value of merchandise offered in redemption of its stamps and securing to itself a business profit. Neither feature of the system is inherently or potentially more conducive to fraud than merchandising generally, nor does either constitute a menace to the public health, safety or morals so as to afford the city of Orlando any legal ground to prohibit such a business under its police power. Lacking such power, the city cannot legally inject its governmental authority into commercial affairs for the purpose or where the result is only to eliminate within its limits a form of legitimate commercial competition. Whatever the purpose, sections 93.04, 93.05 and 93.06 have such effect. They are no less prohibitory because they permit an alternative discount system substantially different from that of plaintiffs. They are beyond the power of the municipality and are invalid and unenforceable.

Such reasons do not obtain with respect to the other and severable provisions of chapter 93. However, by the exceptions contained in the definition in the ordinance, the ordinance is made inapplicable to trading stamp and premium coupon systems operating in Orlando and competitive with plaintiffs and differing from plaintiffs' system only with respect to whether the stamp or coupon is printed on or is a part of the label or container. Such a classification for the purpose either of regulation or prohibition has no substantial relation to any reasonable purpose of the regulation and for such reason denies to the plaintiffs the equal protection of the laws guaranteed to them by the constitution of the state of Florida. For such reason the entire regulatory ordinance, being chapter 93 of the Code of the City of Orlando, 1948, is invalid and unenforceable against the plaintiffs.

The taxing ordinance, here under attack, being amendment of paragraph 4 (a) (1) and 4 (a) (2) of subsection B of section 50.01 of chapter 50 of the Code of the City of Orlando, 1948, rests upon the same classification as does chapter 93, and for the same reasons denies to plaintiffs the equal protection of the laws and is likewise invalid and unenforceable against the plaintiffs.

It is therefore ordered, adjudged and decreed that the preliminary injunction dated September 28 and heretofore entered on September 29, 1955 be made permanent and the obligors and sureties on the injunction bond filed pursuant thereto be relieved and discharged of their obligation thereunder.

It is further ordered, adjudged and decreed that the defendant city of Orlando, a municipal corporation, and each and every of

its officers, agents, servants and employees be and they are hereby jointly and severally permanently enjoined and restrained from in any manner enforcing or attempting to enforce by civil or criminal proceedings or process either of those certain ordinances heretofore adopted on September 7, 1955 by said city and as amended on October 5, 1955, and being designated as chapter 93 of the Code of the City of Orlando, 1948, as amended, and as amendments to paragraph 4 (a) of subsection B of section 50.01 of chapter 50 of the Code of the City of Orlando, 1948, as amended.

Plaintiffs' taxable costs to be determined by the court, are awarded against the city of Orlando, defendant.

*Memorandum*: As I understand the argument of the plaintiffs in their attack upon the ordinances in this case it is necessary to consider whether either or both of these ordinances violate the guarantees of section 1 of the declaration of rights of the Florida constitution. Fully recognizing that the various sections of the ordinance are severable, yet for the reasons stated here without unnecessary elaboration I must conclude both ordinances are invalid and unenforceable.

Section 1 of the declaration of rights guarantees to all the right, among others, to enjoy and defend life and liberty and to acquire and possess and protect property. In addition, the section guarantees to all the equal protection of the laws.

The trading stamp business conducted by Sperry and participated in by Publix and Wright has as its basic feature the issuance of trading stamps by local merchants redeemable only by the trading stamp company, and only in merchandise as advertised by the stamp company. Thus the local merchant has by contract acquired a means of affording his customers a cash discount without burdening himself with the cumbersome mechanics and liability of himself attending to effecting the discount—beyond the giving of a stamp having an intrinsic fractional cent value, by reason of being redeemable in merchandise by the stamp company, which has provided facilities for such redemption. From the stamp company's standpoint, the redemption in merchandise affords it a means of capitalizing on its large scale purchasing advantage which, on a competitive basis, it may pass on in part to its licensees and their customers and retain in part as a legitimate profit to itself. Another feature of the system is the uniformity and interchangeability of stamps and their value nationwide. All of these are features of a business originated and developed by Sperry and found by a majority of the state courts to be a legitimate business protected against its prohibition by constitutional guarantees such as ours.

Sections 93.04, 93.05 and 93.06, seeking to require individualized stamps by each issuer carrying a mandatory requirement of cash redemption by the stamp company and secondary redemption liability by the merchant issuer is in effect such a substantial variation from the business of plaintiffs as to constitute a prohibition rather than reasonable regulation.

My view is that none of the features of plaintiffs' business prohibited by the mentioned sections is such an inherent or potential menace to the public welfare, health, safety or morals nor are such features any more conducive to fraud and deception than any other aspects of merchandising generally so as to render them within the police power of a municipality to prohibit. This case, in my view, is governed by the sounder view expressed in the majority of state jurisdictions spanning the years between Ex parte Drexel (Cal. 1905), 82 Pac. 429, to Sperry & Hutchinson Co. v. Hoegh (Iowa 1954), 65 N. W. 2d 410. The only authority to the contrary stems from Rast v. Van Deman & Lewis Co., 240 U. S. 342, 60 L. ed. 679, which is based on the premise that trading stamps are an inducement to improvidence and thus may be prohibited in the public interest. Such a premise has not found acceptance in this country, and if logically applied would play havoc with modern merchandising practices. Certainly such reasoning cannot be the basis for the present ordinances in the light of the exceptions permitting gift enterprises in various other forms.

It is urged that the city might reasonably fear a flood of irresponsible trading stamp companies following Sperry into Orlando. Such may be an understandable attitude but the weight of the law is that plaintiffs' is an innocuous legitimate business and may not be suppressed under the police power for that reason alone. Exhaustive consideration was given the subject in Lawton, et al v. Stewart Dry Goods Co. (Ky. 1923), 247 S. W. 14.

It is my conclusion, therefore, that sections 93.04, 93.05 and 93.06 amount to prohibition rather than reasonable regulation under any recognized area of municipal police power and are invalid as denying plaintiffs the right to engage in a lawful business.

Recognizing that the various sections of the ordinances are severable, it is necessary to consider whether the other sections of the ordinance (chapter 93) having to do with registration and bonding, offend the organic law. In my view they are not prohibitory for the reasons applying to 93.04, 93.05 and 93.06. However, upon a consideration of the exceptions to the applicability of the ordinances arising from the definitions in the ordinance, the question is raised whether the entire ordinance is discriminatory

as resting upon an unreasonable classification and therefore an invalid denial of the equal protection of the law. It is basic law that classification for the purpose of regulation under the police power must have some reasonable relation to the purpose of the regulation. The ordinance exempts from its operation trading stamp systems differing from plaintiffs' only in the method of delivery of the coupon or stamp, that is to say, as part of the container or label, or manually by the issuer. Aside from the exception of issuers redeeming their own stamps, the classification resulting from the first exception is, in my view, unsubstantial and arbitrary and results in the unregulated operation in Orlando of the Red Scissors and Golden Key trading stamp systems, competitive with plaintiffs —and renders the regulatory ordinance in its entirety invalid as to plaintiffs as a denial of the equal protection of the laws guaranteed by section 1 of the declaration of rights.

Classification for purposes of taxation must also rest upon some reasonable and substantial basis. Therefore, for the reasons already stated, the taxing ordinance must fall as a denial of the equal protection of the laws—without reference to the contention that in this case the tax is unreasonable and confiscatory.

For the reasons above outlined, without comprehensive citations, but based upon what appears to be the weight of authority and better reasoned cases in this country, the two ordinances must be declared to be invalid as violative of section 1 of the declaration of rights of the constitution of Florida. Our Supreme Court has not shown any tendency to allow municipalities to extend their police power into commercial regulation unless on some recognized basis relating to public health, welfare, morals or safety.